**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **KARINA WATKINS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Case: 4:26-cv-00085** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **WASHINGTON UNIVERSITY IN ST. LOUIS,** | ) | |
| | ) | |
| | ) | **Jury Trial Demanded** |
| **Defendant.** | ) | |

_____

## COMPLAINT

Plaintiff, Karina Watkins ("Plaintiff"), by and through the undersigned counsel, hereby files this Complaint against Washington University in St. Louis ("Defendant"), and in support states as follows:

## NATURE OF PLAINTIFF'S CLAIMS

1.    This lawsuit arises under the Americans with Disabilities Act of 1990, as amended, ("ADA") seeking redress for Defendant's discrimination on the basis of Plaintiff's disability, Defendant's failure to accommodate Plaintiff's disability, and Defendant's retaliation against Plaintiff for engaging in protected activity under the ADA.

2.    This lawsuit further arises under the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601 *et seq.* ("FMLA"), seeking redress for Defendant's interference with Plaintiff's FMLA rights and Defendant's retaliation for Plaintiff requesting and using her FMLA rights.

## JURISDICTION AND VENUE

3.    This Court has federal question jurisdiction pursuant to 28 U.S.C. §1331 as the Americans with Disabilities Act of 1990, 42 U.S.C. §12101 *et seq.,* as amended, and the Family

and Medical Leave Act of 1993, 29 U.S.C. §2601 *et seq.*, are federal statutes.

4.    Venue of this action properly lies in the United States District Court Eastern District of Missouri, Eastern Division pursuant to 28 U.S.C. §1391(b) insofar as Defendant operates and transacts business in this judicial district and the events giving rise to Plaintiff's claims occurred in this District.

## ADMINISTRATIVE PREREQUISITES

5.    All conditions precedent to jurisdiction under the ADA of 1990, 42 U.S.C. § 12101, *et seq.*, have occurred or been complied with.

6.    A charge of employment discrimination on the basis of disability and retaliatory discharge was filed by the Plaintiff with the Equal Employment Opportunity Commission ("EEOC") (Attached hereto as Exhibit "A").

7.    Plaintiff received a Notice of Right to Sue from the EEOC (attached hereto as Exhibit "B"), and Plaintiff filed this lawsuit within ninety (90) days of Plaintiff's receipt of the EEOC's Notice of Right to Sue.

## PARTIES

8.    Plaintiff, Karina Watkins, is a natural person, over 18-years-of-age, who at all times relevant to the allegations in this Complaint resided in St. Clair County, Illinois.

9.    Defendant, Washington University in St. Louis is an entity that at all times material to the allegations in this Complaint was doing business in and for St. Louis, Missouri.

10.    Plaintiff was employed by Defendant as an "employee" within the meaning of ADA, 42 U.S.C. § 12111(4) and was an "eligible employee" as defined by the FMLA, 29 U.S.C. §2611(2)(A).

11.    During the applicable limitations period, Defendant has had at least fifteen

employees, has been an "employer" as defined by ADA and the FMLA 29 U.S.C. §2611(4), and has been engaged in an industry affecting commerce within the meaning of 42 U.S.C. § 12111(5)(A).

## BACKGROUND FACTS

12.    Plaintiff was employed by defendant as a billing and scheduling associate from in or around January 2022, until her unlawful termination in or around September 2025.

13.    As a billing and scheduling associate, Plaintiff's duties included but were not limited to obtaining insurance information and referral forms from patients; counseling patients on financial assistance via phone; scheduling and registering patients over the phone or by email; and communicating with physicians and clinical staff to assist with scheduling urgent or referred patients.

14.    Plaintiff suffers from physical and mental impairments, due to head injury resulting in severe neurological damage and concussion-related symptoms.

15.    Plaintiff's disabilities substantially limit major life activities requiring neurological and cognitive functions, including but not limited to, concentration, sleep, and strenuous physical activities.

16.    Prior to Plaintiff's request for and use of FMLA leave, Plaintiff was employed by Defendant for more than 12 months.

17.    Additionally, Plaintiff worked in excess of 1,250 hours in the 12 months preceding her request for and use of FMLA leave.

18.    Regardless of Plaintiff's disability, she was able to perform the essential functions of her job with or without reasonable accommodations.

3

19.     By virtue of the foregoing, Plaintiff is a "qualified individual" under the ADA.

20.     In or around May 2025, Plaintiff was involved in a car accident that resulted in disabling injuries and physical impairments.

21.     On or about June 13, 2025, Plaintiff requested and began using Family and Medical Leave Act (FMLA) leave due to a head injury and concussion-related issues, among other injuries, thereby engaging in protected activity.

22.     On or about July 16, 2025, Plaintiff informed her supervisor, Ashleigh Moore (non-disabled), that she was scheduled for ankle surgery on September 8, 2025.

23.     Plaintiff's physician projected that Plaintiff would remain restricted until October 2025, as Plaintiff was instructed not to walk for several weeks after surgery, followed by six weeks of physical therapy.

24.     The essential functions of plaintiff's job only required occasional office attendance once every 10-12 weeks.

25.     Plaintiff made multiple requests for accommodation to Defendant based on the restrictions prescribed by her physician, thereby engaging in protected activity.

26.     In text messages, Plaintiff specifically asked to work from 8:00 a.m. to 12:00 p.m. until she was able to resume full-time duties, thereby engaging in protected activity.

27.     Plaintiff's supervisor first responded alleging that she "hadn't seen anything," and later informed Plaintiff that management had decided her request would not be allowed.

28.     Even after Plaintiff reminded Defendant that she would be recovering from surgery and in a boot upon her return, she was told her position was allegedly not available.

29.     Defendant failed to engage in the interactive process as required by law to

4

determine the appropriate accommodations for Plaintiff, and failed to accommodate Plaintiff's disability, despite Plaintiff's reasonable request to work shortened hours and to work remotely after her surgery, which constituted protected activity.

30. Adhering to her physician's recommendation to stay home from work until October 2025, Plaintiff requested to continue working fully remotely during recovery, since her position only required occasional office attendance once every 10-12 weeks.

31. On or about September 4, 2025, Plaintiff's supervisor, Ms. Moore, told Plaintiff that she must either postpone her surgery and return to work, return to work the day after surgery (September 9, 2025), or be terminated.

32. In order to avoid losing her employment, but still undergo necessary surgery, Plaintiff forcibly agreed to return to work remotely the very next day after surgery (September 9, 2025).

33. On or about September 5, 2025, Ms. Moore called Plaintiff informing her that, following a conversation with HR Representative Shawn (LNU) regarding Plaintiff's request, Plaintiff was terminated.

34. Later that day, Shawn called Plaintiff and stated that she was being terminated.

35. Plaintiff asked for clarification, specifically whether she would still be terminated even if she resumed working the next day after surgery, and Shawn confirmed that she would.

36. Ultimately, on or about September 5, 2025, Plaintiff was terminated on the basis of Plaintiff's disability and for engaging in protected activity.

37. Defendant effectively denied Plaintiff's requests for reasonable accommodation, failed to engage with Plaintiff in an interactive process to determine the appropriate

5

accommodation as required by the ADA, and ultimately terminated Plaintiff's employment on the basis of her disability.

38.    Plaintiff can show that she engaged in statutorily protected activity, a necessary component of her retaliation claim, because Plaintiff opposed disability-based discrimination, requested reasonable accommodations, and requested and used disability-related medical leave.

## COUNT I
### Violations of the Americans with Disabilities Act
### (Disability-Based Discrimination)

39.    Plaintiff repeats and re-alleges all preceding paragraphs as though fully set forth herein.

40.    By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based on Plaintiff's disability, in violation of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq*.

41.    Plaintiff met or exceeded performance expectations.

42.    Plaintiff was treated less favorably than similarly situated employees outside of Plaintiff's protected class.

43.    Defendant terminated Plaintiff's employment on the basis of Plaintiff's disability.

44.    Defendant's conduct toward Plaintiff illustrated a willful and/or reckless violation of the ADA.

45.    Plaintiff is a member of a protected class under the ADA, due to Plaintiff's disability.

46.    Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

47.    As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of employment

6

benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

## COUNT II
### Violation of Americans with Disabilities Act
### (Disability-Based Harassment)

48.     Plaintiff repeats and re-alleges all preceding paragraphs as though fully set forth herein.

49.     By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices and harassed the Plaintiff on the basis of Plaintiff's disability, in violation of Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 *et seq*.

50.     Defendant knew or should have known of the harassment.

51.     The disability-based harassment was severe or pervasive.

52.     The disability-based harassment was offensive subjectively and objectively.

53.     Plaintiff is a member of a protected class under Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 *et seq.*, due to Plaintiff's disability.

54.     Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

55.     As a direct and proximate result of the harassment described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

## COUNT III
### Violation of Americans with Disabilities Act
### (Failure to Accommodate)

56.     Plaintiff repeats and re-alleges all preceding paragraphs as though fully set forth herein.

57. By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices by failing to accommodate Plaintiff's disability, in violation of Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 *et seq.*

58. Plaintiff is a qualified individual with a disability.

59. Defendant was aware of the disability and the need for accommodations.

60. Defendant failed to engage in the interactive process to determine the appropriate accommodations after Plaintiff requested reasonable accommodations.

61. Plaintiff's reasonable accommodations that were requested was not an undue burden on the Defendant.

62. Defendant did not accommodate Plaintiff's disability.

63. Plaintiff is a member of a protected class under Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 *et seq.*, due to Plaintiff's disability.

64. Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

65. As a direct and proximate result of the failure to accommodate described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

**COUNT IV**
**Violation of Americans with Disabilities Act**
**(Retaliation)**

66. Plaintiff repeats and re-alleges all preceding paragraphs as though fully set forth herein.

67. Plaintiff is a member of a protected class under 42 U.S.C. § 12101, *et seq.*

68. During Plaintiff's employment with Defendant, Plaintiff opposed disability-based

8

discrimination and harassment, and requested reasonable accommodations.

69. As such, Plaintiff engaged in protected conduct and was protected against unlawful retaliation by Defendant under Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq*.

70. By virtue of the foregoing, Defendant retaliated against Plaintiff based on Plaintiff requesting accommodations, utilizing approved accommodations, thereby violating Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq*.

71. Plaintiff suffered an adverse employment action in retaliation for engaging in protected activity.

72. Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

73. As a direct and proximate result of the retaliation described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

## COUNT V
### Violation of the Family Medical Leave Act
### (FMLA Interference)

74. Plaintiff repeats and re-alleges all preceding paragraphs as though fully set forth herein.

75. At all material times, Plaintiff was eligible for FMLA leave.

76. At all times material to this allegation, Plaintiff gave proper notice to her employer by informing them of her physical impairment, specifically head injury and concussion-related impairments.

77. Defendant controlled Plaintiff's work schedule and conditions of employment.

9

78. Plaintiff provided enough information for her employer to know that Plaintiff's potential leave may be covered by the FMLA.

79. Despite Plaintiff's entitlement to FMLA leave, Defendant interfered with, restrained, and denied the exercise of Plaintiff's FMLA rights, including by:

- Conditioning Plaintiff's continued employment on postponing medically necessary surgery;

- Demanding that Plaintiff return to work in person the day after surgery, despite ongoing medical restrictions; and

- Terminating Plaintiff's employment on the stated basis that she had exhausted her FMLA leave.

80. Defendant's actions were reasonably likely to, and did, interfere with Plaintiff's exercise of her right to take FMLA leave.

81. Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

82. As a direct and proximate result of the interference described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

### COUNT VI
**Violation of the Family Medical Leave Act**
**(FMLA Retaliation)**

83. Plaintiff repeats and re-alleges all preceding paragraphs as though fully set forth herein.

84. Defendant terminated Plaintiff after Plaintiff requested and used approved FMLA leave.

85. Defendant terminated Plaintiff because she requested and took FMLA leave as

10

described above.

86.     Defendant intentionally engaged in unlawful employment practice in violation of the FMLA by retaliating against Plaintiff for requesting and taking leave for medical reasons.

87.     Plaintiff's request for a use of medical leave pursuant to the FMLA was a direct and proximate cause of Plaintiff's termination.

88.     As a direct and proximate result of the retaliation described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

## RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that this Honorable Court find in Plaintiff's favor and against Defendant as follows:

        a.     Back pay with interest;

        b.     Payment of interest on all back pay recoverable;

        c.     Front pay;

        d.     Loss of benefits;

        e.     Compensatory and punitive damages;

        f.     Liquidated damages;

        g.     Reasonable attorneys' fees and costs;

        h.     Award pre-judgment interest if applicable; and

        i.     Award Plaintiff any and all other such relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

11

Plaintiff hereby requests that all issues be submitted to and determined by a jury.

Dated this 21st day of January 2026.

*/s/Mohammed O. Badwan, Esq.*
Mohammed O. Badwan, Esq.
Atlas Law Center, Ltd.
2500 South Highland Avenue
Suite 200
Lombard, IL 60148
Phone (630) 575 - 8181
Fax (630) 575 - 8188
mbadwan@atlaslawcenter.com
*Attorneys for Plaintiff*
